■ In the Matter of the CITY OF NEW YORK, Respondent, v MAXIMO COSME, Appellant.—Judgment, Supreme Court, New York County, entered August 16, 1976, granting the petition and awarding petitioner City of New York title to $9,673.31, is unanimously reversed, on the law, without costs and without disbursements, and the proceeding is remanded for a hearing of the issues generated by the pleadings. On October 26, 1976, police officers were informed by respondent-appellant's girlfriend that appellant had narcotics and revolvers in an apartment which they shared. She gave the police officers consent to search the apartment and directed them to a closet wherein they found more than two ounces of cocaine, two revolvers, paraphernalia commonly used to process narcotics for street sale and $9,000 in cash, all contained in a pillowcase on the floor of the closet. Additionally, the police officers seized $673.31 that was in plain view on appellant's dresser. Appellant was subsequently indicted for criminal possession of a controlled substance in the first degree, criminally using drug paraphernalia in the second degree, and criminal possession of a weapon in the fourth degree. Appellant pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced to imprisonment for a term of one year to life. The conviction was affirmed. (63 AD2d 1123, mot for lv to app granted 45 NY2d 779.) Appellant, through his attorney, demanded that the police department return the currency seized during the course of his arrest. Subsequent to his demand, the City of New York petitioned the Supreme Court pursuant to section 435-4.0 (subd e, par [1]) of the New York City Administrative Code to have judgment entered declaring appellant was not a lawful claimant to the $9,673.31. The petition alleges that the money seized from the appellant at the time of his arrest on October 26, 1976, is the proceeds of illegal dealing in controlled substances in violation of article 220 of the Penal Law. The accompanying affidavit of the police officer merely states the events that culminated in the search of appellant's closet and recites the items found therein. No hearing was held in this matter and the only "proof" presented to the court was contained in the petitioner's moving papers. Petitioner admits that it has the burden of proving by a

preponderance of evidence that the money seized in this case was contraband, namely, that the money represented the proceeds of crime, derived through crime or the instrumentality of a crime. (See *Clay v McCabe*, 56 AD2d 747.) In this special proceeding the court is empowered to make a summary determination "upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised." (CPLR 409, subd [b].) It appears to us, however, that the evidence is ambiguous and that at this juncture it is speculative to conclude that the money represented proceeds of a crime or was utilized in the course of criminal activity. The only proof before the court that the money was contraband flows from the fact that it was found together with the cocaine and drug paraphernalia in a pillowcase. In our view this evidence raises conflicting inferences for the trier of fact precluding summary resolution. Concur—Evans, J. P., Sandler, Sullivan, Lane and Silverman, JJ.