OPINION OF THE COURT
John W. Sweeny, J.
The New York State Tax Commission, as judgment creditor, claims a tax lien of $51,687.50 against one Marshall B. Young, Jr., and seeks an order pursuant to CPLR 5225 (subd [b]) directing the respondents to turn over approximately $51,000 seized when Mr. Young was arrested in August, 1973. By cross application, the respondents seek an order declaring the county’s superior right to the currency in question (CPLR 5239).
Mr. Young was arrested and pleaded guilty to possession of a large quantity of marihuana. The currency in question was found in the same container (ammunition box) as the mari *607 huana. The record of the criminal proceeding indicates that Mr. Young made no claim to the confiscated moneys.
To sustain its claim under CPLR 5225 (subd [b]), the petitioner, like any judgment creditor, must establish that Mr. Young has an interest in the currency or is entitled to its possession. The evidence before the court indicates that Mr. Young has no interest in or right to the money which appears to be "fruits of a crime”, therefore, there is no basis for relief under CPLR 5225 (subd [b]), assuming the provisions thereof permit an exception to the procedures set forth in Boyle v Kelley (42 NY2d 88).
To declare that Mr. Young had some legal interest in this currency which could be attached is contrary to the strong public policy against recognizing a wrongdoer’s interest in the fruits of his crime (see Carr v Hoy, 2 NY2d 185; Hofferman v Simmons, 290 NY 449).
The respondents claim that this property is derivative contraband and should be forfeited to the county.
As this court understands the words "derivative contraband,” the term is meant to apply only to property which has been used in connection with the commission of a crime involving contraband "per se” (cf. Plymouth Sedan v Pennsylvania, 380 US 693, 699-700). Vehicle used to transport narcotics (Public Health Law, § 3388), equipment used in filming, etc., pornography (Penal Law, § 410.00), and vehicles used to transport or conceal gambling records (Penal Law, § 415.00) are some examples of derivative contraband, each of which is declared such by statute.
While the Legislature has provided for the disposition of certain derivative contraband, as previously indicated, unclaimed stolen property (Penal Law, § 450.10), abandoned property (Abandoned Property Law, § 1310), there does not appear to be any statutory authority outside New York City (see Matter of City of New York v Cosme, 67 AD2d 852) specifically authorizing a forfeiture of the fruits of a crime to the local municipality.
However, in spite of what appears to be a void created by the Legislature, this court believes and hereby directs that public policy dictates that the money in question be placed in the general fund of the County of Orange (see 25 Opns St Comp, 1969, p 209).