OPINION OF THE COURT
Stanley L. Sklar, J.
A police officer stopped a car and arrested the driver when he found drug paraphernalia and a substantial sum of money in the car. The District Attorney permitted the driver to plead guilty to disorderly conduct, a violation, rather than a drug paraphernalia charge. Is that decision a determination, binding in this civil proceeding for forfeiture of the money, that the money does not constitute the proceeds of a crime? I hold that the decision is not binding in this forfeiture proceeding.
Petitioner, the property clerk, New York City Police Department, moves for a judgment declaring (1) money seized by the police and held by the property clerk to be forfeited, and (2) that respondent is not a proper claimant. Respondent is John Corbett, assignee of Raymond Brook-shire.
*1098 THE FACTS
Police Officer Joseph J. Bonaimo says that on March 8, 1982 he assisted in the arrest of Raymond Brookshire after a search of his rented car. The search was allegedly based on probable cause. Drug paraphernalia “commingled” with United States currency amounting to $8,605 was found on the floor behind the driver’s seat. Several suitcases of marihuana were found in the trunk of the car. Bonaimo states that Brookshire confessed that he was a “runner” from Florida who brought marihuana to the New York City area for sale and returned to Florida with the proceeds of the sales. Brookshire was arrested on felony and misdemeanor charges but was permitted to plead guilty to disorderly conduct, a violation, and was sentenced to a conditional discharge.
CONTENTIONS
The property clerk contends that the $8,605 is the proceeds of, and is derived from, the sale of a controlled substance and is therefore subject to forfeiture pursuant to section 435-4.0 (subd e, par 1) of the Administrative Code of the City of New York. Section 435-4.0 (subd e, par 1) provides that: “Where moneys or property have been unlawfully obtained or stolen or embezzled or are the proceeds of crime or derived through crime * * * or derived through the use of [sic] sale of property prohibited by law from being held, used or sold * * * a person who so obtained, received or derived any such moneys or property, or who so used, employed, sold or held any such moneys or property or permitted or suffered the same to be used, employed, sold or held, or who was a participant or accomplice in any such act, or a person who derives his claim in any manner from or through any such person, shall not be deemed to be the lawful claimant entitled to any such moneys or property”.
In addition, the property clerk argues that Corbett, the assignee, cannot possibly meet his burden under subdivision f of section 435-4.0 of the Administrative Code and that the money should therefore be declared to be forfeited. That subdivision states that a claimant of property who derives his title by assignment, must establish that his assignor “had a lawful title * * * in such * * * money and *1099 lawfully obtained possession thereof and that such * * * money was held and used in a lawful manner.”
Brookshire argues that the felony and misdemeanor charges against him were dropped, that he was not found guilty of any crime, and that the $8,605 he had in his possession when arrested had been given to him by one" Stanley Lindo in Jamaica for the purchase of trucks. Brookshire asserts that he has purchased vehicles in the United States for Mr. Lindo in the past.
THE DROPPING OF CRIMINAL CHARGES DOES NOT NECESSARILY MEAN THAT THE MONEY WAS LAWFULLY OBTAINED
Corbett argues that since his assignor, Brookshire, pleaded guilty only to disorderly conduct, a violation, and not to a felony or misdemeanor criminal charge, it has been conclusively determined that the money is not the proceeds of a crime, and must be turned over to him. He errs.
Even if Brookshire had been tried on the felony and misdemeanor drug-related charges and found not guilty “[a] judgment of acquittal does not establish that the acts constituting the offense charged were not committed by the defendant; it means only that they were not proved beyond a reasonable doubt” (Beckner v Sears, Roebuck & Co., 4 Cal App 3d 504, 509). “The evidence may be such as to create a reasonable doubt of guilt when the same evidence would amount to a preponderance of evidence upon that issue.” (4 Cal App 3d, at pp 509-510.)
A decision not to press criminal charges is obviously even less determinative in a subsequent civil proceeding than a judgment of acquittal. In this case, Officer Bonaimo asserts that he had probable cause to stop and search the car that Brookshire drove. He does not tell us the basis for his conclusion that he had probable cause. For all we know, the District Attorney may have concluded that Officer Bonaimo acted without probable cause and that the drug paraphernalia and drugs would be suppressed at a Mapp hearing. Without that evidence, a prosecution for narcotics crimes could well have resulted in a judgment of acquittal. A judgment not to prosecute under such circumstances is clearly not a determination of lack of guilt, but rather a determination of inability to prove guilt by legally admissible evidence.
*1100 The point is that neither a decision to abandon criminal charges, nor even a judgment of acquittal, necessarily represents a finding (much less a finding conclusive in a later civil proceeding) that no crime was committed and that seized property must therefore be released to the •defendant or his assignee. Rather, an independent determination must be made in this civil proceeding as to whether the seized property constitutes the proceeds of a crime. (Cf. Angrisani v Rosetti, 36 Misc 2d 523; Sochemaro v Rosetti, 6 Misc 2d 23.)
The property clerk argues in effect that an independent determination must be made, as a matter of law, in this proceeding forfeiting the money. He urges that since the money was found in the proximity of, or commingled with contraband, it must constitute the proceeds of the sale of drugs. The argument overlooks Brookshire’s claim that the funds were advanced to him by Lindo for a legitimate enterprise, the purchase of trucks. This factual claim, supported by Brookshire’s affidavit, raises a factual issue which bars summary judgment pursuant to CPLR 409 (subd [b]). (Property Clerk of N. Y. City Police Dept. v Di Paolo, 78 AD2d 834; Matter of City of New York v Cosme, 67 AD2d 852.) The conflicting claims of the parties must be resolved at trial.