■ In the Matter of DIONICIO RUIZ, Appellant, v CITY OF NEW YORK et al., Respondents. — Order, Supreme Court, New York County (S. Schwartz, J.), entered February 16, 1983 dismissing a CPLR article 78 petition, is reversed, on the law and the facts, and in the exercise of discretion, without costs, and the matter is remanded for a hearing on the issues of fact and further proceedings in accordance therewith. Petitioner brings this proceeding against the New York City Police Commissioner and Property Clerk to recover $2,400 face amount of American Express traveler's checks in his name which were seized by the police in the course of the execution of a search warrant in connection with a gambling (numbers) operation. The basic issue is whether these traveler's checks are contraband as having been used in furtherance of illegal gambling activity. (Administrative Code of City of New York, § 435-4.0, subd e.) A claimant to property so seized may bring either an action for replevin or an article 78 proceeding. (*Boyle v Kelley,* 42 NY2d 88, 91.) The traveler's checks were apparently found on the premises of the persons suspected of conducting the gambling operation. Petitioner's explanation of the presence and apparent possession of the traveler's checks by the alleged gamblers is that he "does not trust banks as a result of which he purchases express money orders and keeps them in his possession"; that he had left about $2,400 worth of such "money orders" about two or three days before the date of the alleged arrest; that "[h]e thought it would be safer as he was fearful of walking through the streets with it." Special Term said that this explanation "strains credulity." Certainly many people would find it extremely strange for a person who does not trust banks to deposit traveler's checks for safekeeping with a gambler. There was no hearing, so petitioner's explanation was never subjected to cross-examination. Respondents interposed an affirmation by an attorney for the police department in which that attorney says that the traveler's checks "were commingled with gambling records and paraphernalia", and "were used by Mendez [the alleged numbers operator] in furtherance of his illegal gambling operation." This court has said many times that such conclusory statements by an attorney having no personal knowledge of

the facts are of no probative value whatever. Although petitioner's brief ends with a request for final judgment in petitioner's favor "to save time, energy and expense," petitioner states several times in the brief and his statement under CPLR 5531 that there are conflicts as to the facts which require a trial on the facts. Respondents, though urging affirmance, also request in the alternative that a hearing be held. The record before us is so skimpy, and the evidence so ambiguous, that we think the interests of justice would be better served by having an evidentiary hearing at which the facts can be satisfactorily established. (Cf. *Matter of City of New York v Cosme,* 67 AD2d 852.) We note the complete absence of record references in appellant's brief. Concur — Murphy, P. J., Carro, Silverman and Kassal, JJ.

Kupferman, J., concurs in a memorandum as follows: Petitioner brought this CPLR article 78 proceeding seeking the return of $2,400 in American Express traveler's checks seized by the police when they arrested two suspects for gambling violations, and confiscated cash, gambling records, and gambling paraphernalia at the petitioner's residence. The traveler's checks, each signed once by the petitioner, were found commingled with the other items. Petitioner was not present during the arrest and seizure, and in this proceeding alleges that the traveler's checks were not used in the gambling operation. Petitioner asserts that he kept such a large sum in traveler's checks at his residence because he mistrusted banks. Subdivision b of section 435-4.0 of the Administrative Code of the City of New York provides that all property or money believed to be the proceeds of gambling operations be given to and kept in the custody of the property clerk. When a petitioner brings an article 78 proceeding to recover property retained pursuant to section 435-4.0, such proceeding may be treated as a replevin action. Special Term must take into consideration the due process rights of the petitioner. (See *McClendon v Rosetti,* 460 F2d 111, 114-115 [CA2d]; *Matter of Hill v Gold,* 79 Misc 2d 1055, 1057.) In a similar case, *Matter of City of New York v Cosme* (67 AD2d 852), petitioner City of New York sought a judgment pursuant to section 435-4.0 declaring that respondent was not a lawful claimant to currency seized during the course of respondent's arrest. The currency was found in a pillowcase along with two ounces of cocaine, two revolvers, and drug paraphernalia. No hearing was held prior to the petition. This court reversed the granting of the petition and remanded for a hearing on the ground that the evidence was inconclusive as to whether "the money represented proceeds of a crime or was utilized in the course of criminal activity." (*Supra,* at p 853; see, also, *Property Clerk of N. Y. City Police Dept. v Di Paolo,* 78 AD2d 834, 835.) Similarly, in the instant action there are questions of fact concerning the traveler's checks which require as a matter of due process, that a hearing be held, including, but not limited to, the questions of whether the checks are contraband, whether they are related to the gambling operation, and, if so related, whether the checks are needed as evidence in a criminal proceeding. (See *McClendon v Rosetti, supra,* at p 116.) Moreover, the illegal activity surrounding the seizure of the checks raises the question of whether the checks were lawfully obtained from American Express, and, if so, whether American Express should be made a party to the proceedings. Because the checks were marked "void" by the property clerk, their ownership status is now in limbo, and American Express may be equivalent to a stakeholder. A hearing is needed to determine who owns the checks and to answer the factual questions raised on appeal.