OPINION OF THE COURT
Edward H. Lehner, J.
The principal issue in this case is what nexus must exist between property seized "as a means of committing crime or employed in aid or furtherance of crime” and the crime it allegedly aided in order to subject the property to forfeiture pursuant to section 14-140 (b) of the Administrative Code of the City of New York.
FACTS
This is a special proceeding to declare a forfeiture of respondent’s 1987 Volkswagen which was seized during the course of his arrest on a drug possession charge. The affidavit of the arresting officer states that he observed respondent arriving in *130 his vehicle at a "known drug location”, then saw him exit the vehicle and enter an abandoned building where he purchased a white glassine envelope alleged to contain heroin. After returning to the vehicle and driving away, respondent was apprehended and placed under arrest and his vehicle seized.
Respondent’s affidavit confirms the arresting officer’s version of the events, adding that the location of the drug purchase was four blocks from his home. It also states that respondent is enrolled in a drug rehabilitation program and is a traveling salesperson who uses his car regularly to call on clients.
Respondent was charged with criminal possession of a controlled substance in the seventh degree under section 220.03 of the Penal Law, but pleaded guilty to the reduced charge of disorderly conduct (Penal Law § 240.20), a violation.
CONTENTIONS OF THE PARTIES
Respondent argues that a forfeiture under section 14-140 (b) of the Administrative Code must be predicated on the conviction of a "crime” and not a mere violation. Petitioner’s response is that the ultimate disposition of the criminal charges is irrelevant, as the issue of forfeiture is dependent upon a separate determination based upon the burden of proof in civil cases.
Respondent also contends that since he was on his way home from work and "not on some furtive mission to procure a large quantity of drugs in a far-off location”, and he could have just as easily walked to the location, the car was not needed to make his purchase. Thus, he asserts, it was not "used as a means of committing crime or employed in aid or furtherance of crime”. Petitioner responds by arguing that forfeiture is mandated because respondent did in fact use his car for the illegal purpose of obtaining a controlled substance.
THE PLEA TO A VIOLATION
"The dismissal of criminal charges is not determinative of the issues to be resolved in a civil forfeiture proceeding”. (Property Clerk of N. Y. City Police Dept. v Hurlston, 104 AD2d 312, 313 [1st Dept 1984]; accord, Matter of Property Clerk, N. Y. City Police Dept. v Batista, 111 AD2d 135 [1st Dept 1985].)
In Property Clerk, N. Y. City Police Dept. v Corbett (116 *131 Misc 2d 1097, 1100 [Sup Ct, NY County 1982]), cited with approval by the Appellate Division in Hurlston (supra), it was held that a plea to disorderly conduct does not necessarily bar a forfeiture, the court observing that "neither a decision to abandon criminal charges, nor even a judgment of acquittal, necessarily represents a finding (much less a finding conclusive in a later civil proceeding) that no crime was committed”. Justice Edith Miller, in Property Clerk, N. Y. City Police Dept. v Conca (NYLJ, Oct. 26, 1987, at 16, col 1), came to a conclusion contrary to that reached in Corbett, differentiating the Appellate Division decisions on the ground that they involved procedural dismissals rather than determinations on the merits. However, this court agrees with the rationale in Corbett as in forfeiture proceedings we are dealing with the civil preponderance of the evidence burden of proof concept, and there is nothing in the statute that makes the decision not to criminally prosecute serve as a bar to the subsequent civil action. (See also, Property Clerk, N. Y. City Police Dept. v Covell, 139 Misc 2d 707 [Sup Ct, NY County].)
THE NEXUS TO THE ALLEGED CRIME
Section 14-140 (e) (1) of the Administrative Code provides for forfeiture of any property that has "been used as a means, of committing crime or employed in aid or in furtherance of crime”. In light of respondent’s claim that he made the purchase four blocks from his home, and that the car was merely the method of locomotion, the question before the court is how substantial a nexus need be shown between the act constituting the alleged crime and the use of the vehicle.
In Borzuko v City of New York Police Dept. Prop. Clerk (136 Misc 2d 758 [Sup Ct, NY County 1987]), this court looked to the CPLR article 13-A definition of property which may be seized as an "instrumentality of a crime” for guidance with respect to a case arising under the Administrative Code. There it was held that since the property ("buy money” to be used in a large-scale drug deal) contributed directly and materially to the object crime in a conspiracy, there was a sufficient nexus between the crime and the money to justify forfeiture (136 Misc 2d, supra, at 766). This was not to say, however, that the CPLR definition of "instrumentality” is identical to the Administrative Code’s "as a means * * * or employed in aid or furtherance”. All that was decided in Borzuko was that a sufficient connection had been demon *132 strated, and the decision did not purport to specifically articulate a minimum standard as it was unnecessary to do so under the facts in that case.
In the absence of case law discussing this issue under section 14-140 of the Administrative Code, instruction will be sought from cases decided under statutes employing similar language or covering similar subject matter.
8 USC § 1324 (a) (1) (B) makes it unlawful to move undocumented aliens within the United States "by means of transportation or otherwise, in furtherance of such violation of law”. (Emphasis supplied.) In United States v Moreno (561 F2d 1321 [9th Cir 1977]) the defendant was transporting alien workers from one jobsite to another as part of the ordinary and required course of his employment as company foreman. Noting that the statute is silent as to the specific circumstances that must exist before an act of transporting an undocumented alien is "in furtherance of such violation of law”, the court held that "there must be a direct or substantial relationship between that transportation and its furtherance of the alien’s presence in the United States” (supra, at 1323), and that the foreman’s transportation of the aliens was too attenuated to come within the boundaries of the statute. While the court in Moreno referred to the rule of strict construction for penal statutes, as well as to a public policy basis for its interpretation, the basis for the decision was the need to ascribe meaning to the "in furtherance” language of the statute. (See also, United States v One 1984 Ford Van, 826 F2d 918 [9th Cir 1987] [denying forfeiture of van under 8 USC § 1324 (b), following Moreno].)
Public Health Law § 3388 provides for the seizure and forfeiture of vehicles, vessels or aircraft unlawfully used to conceal, convey or transport controlled substances. In addition, forfeiture is authorized if a vehicle is used "to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, or sale of any controlled substance.” (Public Health Law § 3388 [1] [c].)
The following pertinent differences exist between the Public Health Law and the Administrative Code provisions: (1) While forfeiture pursuant to the Administrative Code may be for use of property in connection with any "crime” (felony or misdemeanor, drug related or otherwise), under the Public Health Law (§ 3388 [2]) it is authorized only if "used in connection with acts or conduct which would constitute a [drug-related] *133 felony”. (2) The Administrative Code provision applies to the unlawful use of "property”, while the Public Health Law is restricted to seizure of any "vehicle, vessel or aircraft”. (3) The Administrative Code contains no éxpress provision authorizing forfeiture of vehicles used to transport the contraband, while the Public Health Law (§ 3388 [1] [a], [b]) is replete with such terms ("transport”, "carry”, "convey”, "possess”). (4) With respect to property that is neither contraband nor proceeds of a crime, the Administrative Code authorizes forfeiture only if it has "been used as a means of committing crime or employed in aid or furtherance of crime”, while the Public Health Law authorizes forfeiture of vehicles used "to facilitate” the illegal activity (§ 3388 [1] [c]) as well as for transportation of the contraband.
In Matter of Henry v Castagnaro (106 Misc 2d 574 [Sup Ct, Suffolk County 1980]), the court was faced with determining the meaning of "facilitate” under the above section of the Public Health Law. Observing its similarity to the Federal Transportation Act (49 USC §§ 781, 782) in providing for forfeiture of any vehicle used or intended to be used " 'to facilitate the transportation * * * [or] sale’ ” of a controlled substance (106 Misc 2d, supra, at 576), the court applied the Federal rule that " 'to be forfeited, a vehicle must have some substantial connection to, or be instrumental in, the commission of the underlying criminal activity which the statute seeks to prevent.’ ” (Supra, at 579, quoting United States v One 1972 Datsun, 378 F Supp 1200, 1203-1204 [D NH 1974].)
The court in Castagnaro (supra) quoted at length from Platt v United States (163 F2d 165, 167 [10th Cir 1947]), decided under the Transportation Act, in which the Circuit Court of Appeals had occasion to expound on the meaning of "facilitate”: "What is meant by the use of the word 'facilitate’ is that if an automobile is issued to assist in the commission of a crime, it is subject to forfeiture. The crime charged here was the illegal purchase of narcotics. The use of the automobile did not make the accomplishment of the purchase more easy or free it from obstructions or hindrance, or make the sale any less difficult. It was merely the means of locomotion * * *. [T]he argument that this facilitated the purchase disregards the ordinary and accepted meaning of the word when applied to the sale.”
In contrast, the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970 subjects to forfeiture "[a]ll conveyances, including aircraft, vehicles, or vessels, which are *134 used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances]” (21 USC § 881 [a] [4] [emphasis supplied]). The use of the words "in any manner” in that statute, and the absence of the "substantial connection” language found in the legislative history of the complementary provision of section 881 (a) (6) (forfeiture actions against money or other things of value negotiated in exchange for drugs, added in 1978), demonstrate a congressional intent to have the statute apply to a more extensive range of activity. (See, United States v One 1974 Cadillac Eldorado Sedan, 548 F2d 421 [2d Cir 1977]; United States v 1964 Beechcraft Baron Aircraft, 691 F2d 725 [5th Cir 1982], cert denied sub nom. Preston v United States, 461 US 914.)
Here, respondent was not a seller nor using a vehicle for escape, lookout, or concealment. He did not drive to a prearranged location at some distance where the use of the vehicle made the crime any easier to commit. Under the circumstances, the vehicle’s connection to the underlying "crime” is too attenuated. Therefore, forfeiture must be denied.
CONCLUSION
Since petitioner has failed to demonstrate a sufficient nexus between the alleged crime and the use of the vehicle, it is not entitled to retain the automobile, and respondent is entitled to its return.