OPINION OF THE COURT
Sondra Miller, J.
The plaintiff District Attorney (D.A.), a claiming authority under New York’s forfeiture statute (CPLR art 13-A), seeks forfeiture of $24,510 currency seized from defendant and a money judgment in the sum of $7,296 based on records found in defendant’s possession.
Originally, the D.A. moved for a default judgment which is now moot because defendant obtained the services of an attorney to defend the forfeiture action. Defendant Lockhart cross-moves to dismiss the complaint in the interest of justice pursuant to CPLR 1311 (4). Defendant’s arguments suggest that defendant is also moving to dismiss pursuant to CPLR 3211 (a) (7) on the grounds the complaint fails to state a cause of action which will support forfeiture. Defendant contends his conviction for narcotics possession cannot support forfeiture of proceeds allegedly derived from narcotics sales since he was neither charged with nor convicted of drug trafficking.
Defendant additionally asks to be allowed to use part of the money seized to pay his counsel fees on the appeal of his criminal conviction and for the defense of the civil forfeiture proceeding. Subsequent to the making of the motion, the *863 Appellate Division (over the D.A.’s objection) appointed counsel to prosecute defendant’s appeal; nevertheless, defendant still seeks counsel of his own choosing.
The D.A. opposes defendant’s motion on the grounds that the money found was acquired through criminal activity arising from a common scheme or plan grounded upon defendant’s felony drug conviction (CPLR 1311 [1] [a]) and is subject to forfeiture.
UNDERLYING FACTS
The facts underlying this proceeding are as follows:
On March 9, 1988, the defendant Lockhart was convicted of possession of a controlled substance, cocaine, in the fourth degree (a class C felony), possession of a weapon (also a felony), and misdemeanor counts of possession of narcotics.
On April 11, 1988 he was sentenced to serve an indeterminate sentence of 5 to 10 years. Following defendant’s conviction, the D.A. served defendant with a summons and complaint for forfeiture which defendant has not yet answered.
Defendant and a codefendant were arrested after a car chase during which 39 small bags of cocaine (the. subject of defendant’s felony drug conviction) were thrown from the car. One bag of cocaine, and $110 cash were found on the defendant’s person together with a piece of paper with names and numbers totaling $7,296. This figure, asserts the plaintiff, is the monetary value of defendant’s drug transactions.
Following his arrest, the defendant accompanied his arresting officers to his apartment where, pursuant to a lawful search warrant, they searched the premises. They found various drug-related paraphernalia such as scales, grinders, spoons and numerous clear plastic bags as well as $24,350 in cash in the defendant’s stereo, a small quantity of marihuana (for which misdemeanor defendant was also convicted), a weapon (basis of the additional felony conviction), and sheets of paper with lists of names and numbers.
At defendant’s trial, the court refused to admit evidence of the $24,350 in cash, the drug paraphernalia and sheets of paper on grounds of relevance.
ARTICLE 13-A — POSTCONVICTION FORFEITURE MAY BE GROUNDED IN A COMMON PLAN OR SCHEME OF CRIMINAL ACTIVITY
CPLR 1311 provides:
"1. A civil action may be commenced * * * against a crimi *864 nal defendant to recover the property which constitutes the proceeds of a crime, the substituted proceeds of a crime or an instrumentality of a crime or to recover a money judgment in an amount equivalent in value to the property which constitutes the proceeds of a crime * * *. [The forfeiture] action * * * shall be civil, remedial and in personam in nature * * *
"(a) * * *. An action relating to a post-conviction forfeiture crime must be grounded upon a conviction of a felony * * * or upon criminal activity arising from a common scheme or plan of which such a conviction is a part or upon a count of an indictment * * * alleging a felony which was dismissed at the time of a plea of guilty to a felony in satisfaction of such count.”
Thus CPLR 1311 (1) (a) requires the claiming authority, in a postconviction forfeiture proceeding such as is presented here, to make a prima facie showing that the property sought to be forfeited either directly relates to a felony conviction or is grounded upon criminal activity arising from a common scheme or plan of which the felony conviction is a part. (Matter of City of New York v Cosme, 67 AD2d 852.)
Once the claiming authority has satisfied this burden, it is incumbent on the defendant to come forward with proof to the contrary. (Property Clerk of N. Y. City Police Dept. v Hurlston, 104 AD2d 312; Property Clerk, N. Y. City Police Dept. v Batista, 111 AD2d 135; CPLR 3018.)
At trial of a postconviction forfeiture action against a criminal defendant, the claiming authority has the burden of proving, by a preponderance of the evidence the facts necessary to establish the claim for forfeiture (CPLR 1311 [3] [a]; Kuriansky v Natural Mold Shoe Corp., 133 Misc 2d 489). The defendant has the right to a jury trial of all factual issues (CPLR 1311 [2]).
The resolution of the underlying criminal charge in favor of defendant is held not dispositive in a forfeiture proceeding. (Property Clerk of N. Y. City Police Dept. v Conca, 148 AD2d 301 [1st Dept].) Even a judgment of acquittal or a decision to abandon the criminal charges is hot determinative in the forfeiture proceeding as to whether a crime was committed. The civil court must make an independent determination based on a preponderance of the evidence as to whether the seized property is subject to forfeiture. (Property Clerk, N. Y. City Police Dept. v Batista, 111 AD2d 135, supra; Property *865 Clerk of N. Y. City Police Dept. v Hurlston, 104 AD2d 312, supra; Property Clerk, N. Y. City Police Dept. v Corbett, 116 Misc 2d 1097.)
Money may be forfeited if it is directly related to criminal activity of which the criminal conviction forms a part. That means the claiming authority must prove (1) the money is the fruits of a common scheme or plan of criminal activity and (2) the underlying felony conviction is a component of that common scheme or plan (2A Weinstein-KornMiller, NY Civ Prac ¶ 1311.03, citing People v Molineux, 168 NY 264 [1901]). Molineux first defined and used the term "common scheme or plan” of criminal activity as an evidentiary concept (supra, at 293). There, the Court of Appeals declared that the commission of one act must be " 'plainly perceive[d]’ ” to prove " 'by [a] visible connection’ ” the commission of another act by the prisoner.* (People v Molineux, supra, at 309.) The various acts may thus be naturally "explained as caused by a general plan of which they are the individual manifestations.” (See also, 2 Wigmore, Evidence § 304, at 249 [Chadbourn rev 1979]; People v Fiore, 34 NY2d 81, 85.) Weinstein-Korn-Miller finds the term employed in article 13-A to expand the use of forfeiture.
LEGAL SUFFICIENCY OF THE COMPLAINT
PURSUANT TO CPLR 3211 (A) (7)
The issue presented to the court is whether forfeiture of moneys seized from the defendant may be had when defendant has been convicted of the crime of drug possession only and not of drug sales, but where the circumstances surrounding the crime of which he was convicted evidence a common scheme or plan, including drug sales and trafficking.
On a CPLR 3211 (a) (7) motion to dismiss the complaint for failure to state a cause of action, the plaintiffs allegations are given the most favorable construction and are taken as true. In addition to legal arguments, the defendant may use affidavits and other proofs to contradict any factual allegations on which the complaint depends. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C321L24, at 30; Foley v D’Agostino, 21 AD2d 60 [1st Dept 1964].) Defendant’s proofs must be submitted in probative form, i.e., an attorney’s affirmation is insufficient. (Zuckerman v City of New York, 49 NY2d 557; Matter of Ruiz v City of New York, 98 AD2d 645.) The court scrutinizes the pleadings and motion papers to see *866 whether the complaint states a claim for which relief may be granted.
The complaint here alleges that the crime for which defendant was convicted was part of narcotics trafficking activity including acquisition, possession, sale and distribution of narcotics, and that the money ($24,510), was both obtained from and used in the commission of the illegal narcotics activity of which the criminal possession conviction was a part. The complaint further states that records seized from defendant reflect sale of narcotics and resulting proceeds in the sum of $7,296. Plaintiff alleges the sum recorded on the paper slips in defendant’s possession represents additional fruits of defendant’s criminal activity which is separate from and in addition to the money seized in defendant’s apartment. Therefore plaintiff seeks a separate money judgment in the amount of $7,296.
In view of the dearth of authority relating to CPLR article 13-A (enacted relatively recently), the forfeiture provisions of the Administrative Code of the City of New York § 14-140 (e) (1) (former § 435-4.0 [e] [1], enacted prior to CPLR art 13-A) are instructive in article 13-A actions. Under the Administrative Code, a prisoner who derives his claim to money which is the proceeds of crime or derived from crime or has been used as a means of aiding or furthering a crime has been held not a lawful claimant entitled to return of the money unless he demonstrates otherwise. (Property Clerk, N. Y. City Police Dept. v Seroda, 131 AD2d 289.) Under the Administrative Code, the burden falls on the claimant to establish the money was obtained, held and then used in lawful manner (Administrative Code § 435-4.0 [f]). The claim is determined, like article 13-A actions, in a civil proceeding. Thus, once the claiming authority has satisfied its burden to make a prima facie case, the burden then passes to the defendant to refute it. The same procedure obtains in forfeiture proceedings under CPLR article 13-A where the court is faced with a defendant’s motion to dismiss the complaint. The claiming authority must prima facie make a case for forfeiture. The defendant must satisfy his burden of demonstrating that the money has a legitimate source.
Under Administrative Code § 14-140, the New York City courts have held forfeiture may apply to money which is the proceeds of a crime other than the one for which defendant was convicted or charged. In these cases, the courts have refused to dismiss the forfeiture action as a matter of law *867 because the circumstances were ambiguous and presented factual issues requiring a hearing as to whether the seized money represented proceeds of crime or was used in the course of criminal activity (Matter of City of New York v Cosme, 67 AD2d 852, supra [forfeiture claim made for money seized in pillowcase along with cocaine and drug paraphernalia where defendant pleaded to possession]; Property Clerk of N. Y. City Police Dept. v Di Paolo, 78 AD2d 834 [money found in dish along with illegal gambling records and defendant pleaded guilty to possession of gambling records]; Property Clerk, N. Y. City Police Dept. v Corbett, 116 Misc 2d 1097 [Sup Ct, NY County 1982], supra [money found in car with drug paraphernalia, where defendant pleaded guilty to lesser charge of disorderly conduct and claimed money was for legitimate enterprise to purchase trucks]; Borzuko v City of New York Police Dept. Prop. Clerk, 136 Misc 2d 758 [money seized from car after chase where envelopes of heroin thrown from car and defendant pleaded guilty to reckless endangerment]; Property Clerk, N. Y. City Police Dept. v Welgart, NYLJ, Mar. 20, 1984, at 6, col 2 [Sup Ct, NY County] [money, business records and liquor seized although charges of selling and storing liquor without a license were dropped]).
In a second smaller group of cases, the forfeiture action was dismissed prior to trial. (In re City of New York [Steigerwald], NYLJ, Oct. 6, 1978, at 4, col 4 [money returned where found in locked room separate from where gambling activity taking place]; Property Clerk, N. Y. City Police Dept. v Santana, NYLJ, Nov. 1, 1988, at 22, col 4 [Sup Ct, NY County] [defendant arrested with $920 cash and one envelope containing marihuana]; Property Clerk, N. Y. City Police Dept. v Aponte, 141 Misc 2d 129 [Sup Ct, NY County 1988] [no forfeiture of car used to transport defendant to place where he purchased drugs because insufficient nexus between alleged crime and use of car in furtherance of crime].)
The court in Borzuko v City of New York Police Dept. Prop. Clerk (supra, at 765 [where dismissal was denied]) found it is not necessary under CPLR 1310 (4) that the property be an essential element of the crime or that its use be necessary to prove the crime. All that is necessary is that the property " 'contributes directly and materially’ ” to the crime. There was a sufficient nexus between the crime and the money to justify forfeiture.
Property Clerk, N. Y. City Police Dept. v Santana (NYLJ, Nov. 1, 1988, at 22, col 4 [Sup Ct, NY County], supra) relied on *868 by defendant is distinguishable. Santana was charged with criminal possession of a controlled substance. The criminal charges were dismissed. The court in the subsequent civil trial was required to determine whether the evidence which failed to establish defendant’s guilt in the criminal proceeding was sufficient to establish the civil preponderance of the evidence standard. In this case the defendant was observed entering and exiting a car. When the officer approached he found money and PCP-laced marihuana in the car and on the defendant’s person. The court found there was no evidence whatsoever that the currency found resulted from sale of the drugs and dismissed the forfeiture action.
Contrast the defendant Lockhart’s case, which is postconviction for drug possession, and where there is a quantity of additional evidence from which the trier of fact may infer trafficking.
In the case at bar, plaintiff may be able to show the crime of drug possession for which defendant Lockhart was convicted is part of a common scheme or plan of criminal activity, including purchase and sale of drugs. (CPLR 1311 [1] [a].) The money seized may be shown to have contributed directly or materially to the scheme or, it may be shown to have been the proceeds of the criminal plan or activity. In either case, plaintiff has sufficiently alleged a nexus between defendant’s conviction, a common scheme or plan, and the money. The drug paraphernalia which was ruled irrelevant and not admitted for purposes of defendant’s criminal trial may be both relevant and admissible in the civil forfeiture trial. (Kuriansky v National Mold Shoe Corp., 133 Misc 2d 489, supra; Clay v McCabe, 56 AD2d 747.)
A legally permissible inference that defendant was engaged in drug trafficking arises from the combination of defendant’s conviction for possession and the items seized from defendant’s person and home. Establishing the nexus between the conviction and a common scheme from which the money derives is a matter for proof at the forfeiture trial. Evidence which is insufficient to eliminate a reasonable doubt of defendant’s guilt in a criminal proceeding may be sufficient to constitute a preponderance of evidence in favor of plaintiff in a civil proceeding.
Defendant has failed to rebut plaintiff’s allegations of trafficking with sworn affidavits, as required, and has put forth only an attorney’s affidavit having no probative value. (Zuckerman v City of New York, 49 NY2d 557, supra; Matter of Ruiz v *869 City of New York, 98 AD2d 645, supra.) Defendant’s counsel merely suggests the money could have come from any one of a number of legitimate sources.
As a matter of law, I find the D.A. has alleged a prima facie cause of action under the provisions of the forfeiture statute, article 13-A, sufficient to withstand CPLR 3211 (a) (7).
DISMISSAL IN THE INTERESTS OF JUSTICE
CPLR 1311 (4) (a) permits the court to dismiss a pending forfeiture action or to limit the value of the amount seized "in the interest of justice”.
CPLR 1311 (4) provides:
"The court in which a forfeiture action is pending may dismiss said action in the interests of justice upon its own motion or upon an application as provided for herein.
"(a) At any time during the pendency of a forfeiture action, the claiming authority who instituted the action, or a defendant may (i) apply for an order dismissing the complaint and terminating the forfeiture action in the interest of justice * * *
"(d) The court may grant the relief provided in paragraph (a) hereof if it finds that such relief is warranted by the existence of some compelling factor, consideration or circumstance demonstrating that forfeiture of the property [or] any part thereof, would not serve the ends of justice. Among the factors, considerations and circumstances the court may consider, among others, are:
"(i) the seriousness and circumstances of the crime to which the property is connected relative to the impact of forfeiture of property upon the person who committed the crime; or
"(ii) the adverse impact of a forfeiture of property upon innocent persons; or
"(iii) the appropriateness of a judgment of forfeiture in an action relating to pre-conviction forfeiture crime where the criminal proceeding based on the crime to which the property is allegedly connected results in an acquittal of the criminal defendant or a dismissal of the accusatory instrument on the merits; or
"(iv) in the case of an action relating to an instrumentality, whether the value of the instrumentality substantially exceeds the value of the property constituting the proceeds or substituted proceeds of a crime.
*870 "(e) The court must issue a written decision, stating the basis for an order issued pursuant to this subdivision.”
Among the statutory factors the court may use to decide this issue are the seriousness and circumstances of the crime, the adverse impact of the property forfeiture on defendant, the adverse impact of forfeiture on innocent people, and the value of the instrumentality compared with the proceeds or substituted proceeds of the crime (CPLR 1311 [4] [d]).
Defendant has not established such grounds for relief in his papers. His counsel’s affidavit, albeit without probative value, offers no evidentiary facts of defendant’s personal affairs or needs. There is no showing the forfeiture will have adverse impact on innocent persons. Demonstration of compelling factors opposed to forfeiture is absent.
Defendant’s chief argument, in support of his application for dismissal or release of some of the funds, made without documentation of financial hardship, is that he needs the money for an attorney and will be deprived of counsel if his funds are forfeited. This point will be dealt with below.
RIGHT TO COUNSEL AND FORFEITURE
In civil proceedings such as this forfeiture action, there is no Sixth Amendment or constitutional right under the laws of New York State to counsel. (Matter of Smiley, 36 NY2d 433; CPLR 1102 [a].) In the prior criminal proceeding, Lockhart had been represented by counsel of his choice. He now asks to use part of the funds seized for the criminal appeal and for defense of this civil proceeding, notwithstanding the fact that the Appellate Division appointed counsel (over objection by the District Attorney) to prosecute his appeal. Not satisfied, he wants to have his own lawyer for the appeal and for this proceeding.
Since defendant’s request is unsupported by constitutional right, the issue pending is whether, pursuant to CPLR 1311 (4), hardship, injustice, or defendant’s prima facie showing of entitlement to the money has been demonstrated, so as to cause this court to invoke the escape mechanism of that statute permitting the release of funds to defendant.
I find no such hardship or meritorious case presented on behalf of this defendant.
First, defendant has failed to make financial disclosure, and failed to offer a legitimate derivation for the money. Secondly, he has been convicted of a crime, and thirdly, the government *871 has made a prima facie showing that defendant’s conviction for possession is probably and reasonably related to drug trafficking, of which the money is the proceeds. Furthermore, "drug trafficking”, the alleged criminal activity, poses serious threats to the safety of all society and the quality of our lives.
If in fact the forfeiture of these funds causes defendant to be unable to retain counsel, he will suffer no greater hardship than that of many civil litigants who are without funds for counsel, and are not provided with counsel to represent them in proceedings of great significance, such as divorce, eviction, mortgage foreclosure, revocation of license, etc. (Matter of Smiley, 36 NY2d 433, supra.)
Although defendant has a Federal and State constitutional right to counsel in criminal proceedings (Gideon v Wainwright, 372 US 335; People v Witenski, 15 NY2d 392), in New York even that right is qualified. (Kuriansky v Bed-Stuy Health Care Corp., 135 AD2d 160 [2d Dept 1988].) In Kuriansky, the court held that the right of a criminal defendant to select specific counsel or counsel of choice is specifically limited to one financially able to do so.*
CONTINUATION OF THE ATTACHMENT
Next I must consider whether pursuant to CPLR 1312 plaintiff has made the necessary showing that continuation of the provisional remedy of attachment is justified. There must be demonstrated a "substantial probability that the claiming authority will prevail on the issue of forfeiture” and otherwise the property may be "destroyed, removed from the jurisdiction” or "be unavailable for forfeiture” and "the need to preserve the availability of the property * * * outweighs the hardship on any party” (CPLR 1312 [3] [a], [b]).
Here defendant has been convicted of a crime which the plaintiff has, prima facie, linked to a common scheme of drug trafficking of which the seized currency may reasonably be inferred to be the proceeds. Defendant has failed to come forward on the motion to show that the government’s case is *872 unlikely to succeed. Furthermore, if the funds are dissipated, the defendant has no other visible assets on which plaintiff, if successful, may levy.
In these circumstances, the government’s likelihood of success on the merits and need for preservation of the funds will be served by continuing the attachment.
The parties are directed to appear for a preliminary conference on July 20, 1989 at 9:30 a.m., room 1220.

 Federal cases in the context of providing counsel for a criminal trial are split on the constitutional or statutory exemption or attorney’s fees from forfeiture provisions. (See, Kessler, Recent Rulings on NY Civil Forfeiture, NYLJ, Oct. 11, 1988, at 1, col 1, n 32; United States v Monsanto, 852 F2d 1400 [2d Cir 1988]; United States v Caplin & Drysdale, 837 F2d 637 [4th Cir 1988] [conflicting decisions which are presently sub judice in the United States Supreme Court].)