■ DENIS DILLON, as District Attorney of Nassau County, Appellant, v MICHAEL P. FARRELL, Respondent. [646 NYS2d 843] —In a civil forfeiture action pursuant to CPLR article 13-A, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), dated November 3, 1995, which denied its motion to confirm an ex parte order of attachment of the same court (Wexner, J.), dated October 12, 1995, and granted that branch of the defendant's cross motion which was to modify the ex parte order of attachment.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion to confirm the ex parte order of attachment is granted, and that branch of the defendant's cross motion which was to modify the ex parte order of attachment is denied.

The defendant stands charged with one count of criminal usury in the second degree arising from an allegation that he made a $3,000 loan at a usurious rate of interest. Shortly after the defendant's arrest and indictment, the plaintiff, as District Attorney of Nassau County and a claiming authority pursuant to CPLR article 13-A, sought and obtained an ex parte order of attachment in the sum of $250,000, arguing that records seized at the time of the defendant's arrest demonstrated that he had engaged in a series of usurious loan transactions, the principal of which was $152,000, and the interest of which was $117,090.

The plaintiff subsequently moved to confirm the ex parte order of attachment and the defendant cross-moved, *inter alia,* to modify the ex parte order of attachment. The Supreme Court

denied the plaintiff's motion and granted that branch of the defendant's cross motion which was to modify the ex parte order. We now reverse.

CPLR article 13-A authorizes District Attorneys and the Attorney-General, as claiming authorities, to recover, as against a criminal defendant, real property, personal property, money, negotiable instruments, securities, or other items of value, which constitute the proceeds, substituted proceeds, or an instrumentality of a crime (*see,* CPLR 1311 [1]; *Hynes v Iadarola,* 221 AD2d 131; *Kuriansky v Bed-Stuy Health Care Corp.,* 135 AD2d 160, *affd* 73 NY2d 875). Under the statute, the proceeds of "criminal activity arising from a common scheme or plan" of which the defendant's criminal conviction forms a part, are also subject to forfeiture (*see,* CPLR 1311 [1] [a]; *Vergari v Lockhart,* 144 Misc 2d 860). Furthermore, the provisional remedy of attachment is available in a CPLR article 13-A proceeding where the claiming authority has demonstrated, *inter alia,* a substantial probability that it will prevail on the issue of forfeiture (*see, Kuriansky v Bed-Stuy Health Care Corp., supra,* at 164; *see also, Morgenthau v Young,* 204 AD2d 118). Contrary to the defendant's contention, the evidence which the plaintiff submitted in support of its motion to confirm the ex parte order reveals the existence of a common scheme or plan to engage in a series of usurious loan transactions of which the charged crime forms a part. Accordingly, there is a substantial probability that the proceeds of these loan transactions will be subject to forfeiture pursuant to the statute, and the order of attachment should be confirmed. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.