*350 OPINION OF THE COURT
Joseph C. Pastoressa, J.
Plaintiff moves for an order confirming an ex parte order of attachment dated December 3, 2004 (Pastoressa, J.) pursuant to CPLR 1317 in the amount of $148,000; and defendant cross-moves for an order: (1) vacating the ex parte order of attachment or in the alternative reducing it to $26,000; (2) denying plaintiff’s application for a permanent restraining order or money judgment; (3) granting the defendant costs and attorney’s fees for defending against plaintiffs application; and (4) imposing sanctions against the plaintiff for violating Rules of the Chief Administrator of the Courts (22 NYCRR) §§ 130-1.1a and 130-1.1 (c).
The plaintiff Thomas J. Spota seeks to recover proceeds, substituted proceeds and instrumentalities of the crime, or in the alternative, a money judgment in an amount equivalent in value to the property, which constitutes the proceeds of a crime, against the criminal defendant Robert Conti pursuant to CPLR article 13-A. The grand jury of Suffolk County on November 8, 2004 indicted the defendant on seven felony counts consisting of six counts of grand larceny and one count of scheme to defraud. The criminal indictment charges that the defendant essentially defrauded a number of different individuals at various times for monies in connection with investment schemes in stocks, insurance, horses or deliveries of a particular product. Plaintiff obtained an ex parte order of attachment against the defendant on December 3, 2004. The ex parte order of attachment granted the plaintiff the authority to levy on the property of the defendant in the amount of $148,000, subject to the plaintiff making an application within five days of a levy to the court for an order confirming the order of attachment. The plaintiff is seeking to levy on a personal injury settlement that the defendant and his wife will be awarded in the amount of $650,000.
CPLR 1311 (1) “explicitly provides that an action relating to a postconviction forfeiture crime may be commenced, and a court may grant a provisional remedy provided under this article, prior to such conviction” (see, Morgenthau v Citisource, Inc., 68 NY2d 211, 219 [1986] [internal quotation marks omitted]). A postconviction forfeiture crime means any felony defined in the Penal Law or any other chapter of the consolidated laws of the state (see, CPLR 1310 [5]). A forfeiture action against a criminal defendant can result in a judgment recover *351 ing “the proceeds of a crime, the substituted proceeds of a crime, an instrumentality of a crime or the real property instrumentality of a crime or to recover a money judgment in an amount equivalent in value to the property which constitutes the proceeds of a crime" {see, CPLR 1311 [1] [emphasis added]; Morgenthau v Citisource, 68 NY2d at 218). Furthermore, CPLR 1312 (3) states that an order of attachment is properly issued when:
“(a) there is a substantial probability that the claiming authority will prevail on the issue of forfeiture and that failure to enter the order may result in the property being destroyed, removed from the jurisdiction of the court, or otherwise be unavailable for forfeiture; (b) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship of any party against whom the order may operate.”
“[T]he provisional remedy of attachment is available in a CPLR article 13-A proceeding where the claiming authority has demonstrated ... a substantial probability that it will prevail on the issue of forfeiture” (see, Dillon v Farrell, 230 AD2d 818, 819 [1996]). To prevail on the issue of forfeiture, the plaintiff must show that there exists a substantial probability of a felony conviction for the forfeiture crime {see, CPLR 1311 [1] [a]). In support of plaintiffs contention that plaintiff will prevail on the issue of forfeiture, plaintiff submits an affidavit of Detective Investigator Joseph Miceli, which alleges that the defendant schemed to defraud a number of individuals promising high returns on monies invested for horses, insurance, stocks and various products. In addition, plaintiff submits five affidavits of the alleged victims in support of the plaintiffs contention of a substantial probability of prevailing on the issue of forfeiture. Furthermore, plaintiff asserts that the criminal indictment is evidence of a substantial probability of success on the forfeiture action. In opposition to the plaintiffs application, defendant fails to refute plaintiffs affidavits of defendant’s alleged acts. Defendant asserts that two counts of the indictments are time-barred. Here, plaintiff has demonstrated a substantial probability that it will succeed on the merits of the forfeiture action by obtaining a felony conviction(s) against the defendant in light of the victims affidavits, a criminal indictment against the defendant and the detective’s affidavit (see, Kuriansky v Bed-Stuy Health Care Corp., 135 AD2d 160 [1988]). Moreover, it appears likely that the plaintiff will prove by a preponderance of *352 the evidence an amount equivalent in value to the property which constitutes the proceeds of the defendant’s criminal acts.
Plaintiff alleges that due to the nature of the alleged crimes committed, the conduct of the defendant in committing the alleged crimes and the liquidity of a settlement check being converted to cash, there is a risk of assets not being available for forfeiture. Defendant asserts that plaintiff has failed to show that the defendant has hidden assets or that his conduct suggests that the defendant is transferring assets. However, plaintiff in this instance is not alleging that the defendant has hidden or has transferred assets in order to prevail on the issue of funds being unavailable. Rather, plaintiff has alleged that the amount claimed may be unavailable or dissipated due to the conduct of the defendant in light of defrauding a number of individuals. Specifically, defendant’s alleged conduct of taking monies from individuals and not returning the monies is evidence that he may dissipate or remove available funds from the jurisdiction of the court or, in essence, that the defendant will dissipate the personal injury settlement before the plaintiff can succeed on the merits of the forfeiture action. Accordingly, due to the nature of the crimes allegedly committed in that defendant has engaged in acts to scheme or defraud a number of individuals and his control over the personal injury lawsuit, plaintiff has established that there is a risk of funds not being available to the plaintiff (see, Kuriansky v Bed-Stuy Health Care Corp., 135 AD2d 160 [1988], supra).
Plaintiff avers that any hardship placed on the defendant should the order of attachment be confirmed is outweighed by the need for the preservation of assets. In opposition, defendant claims that an order confirming the ex parte order of attachment in the amount of $148,000 will place a hardship on the defendant. Defendant argues that the personal injury suit and settlement are in his name as well as his wife’s name. In addition, he argues that due to the nature of his injury sustained, which resulted in the personal injury lawsuit, the defendant is not able to work to support his family. Defendant alleges that he needs the money from the personal injury lawsuit to support his family. Moreover, defendant argues in opposition that the money from the personal injury lawsuit is needed to defend himself against the criminal indictments. Specifically, defendant avers that he needs the money to pay his criminal attorney in the criminal matter. Furthermore, defendant alleges that his wife lost her employment at an insurance company.
*353 The court notes that the defendant has failed to submit sworn affidavits of his financial circumstances (see, CPLR 1312 [4]; Kuriansky v Bed-Stuy Health Care Corp., 135 AD2d at 172-174). Moreover, the court notes that the plaintiff is not seeking to retain the entire amount of the personal injury settlement of $650,000. In fact, plaintiff is seeking to attach only $148,000 of the $650,000. Under the circumstances, the need to preserve the availability of a portion of defendant’s personal injury lawsuit outweighs any hardship that may occur against the defendant.
Accordingly, the plaintiffs motion for an order confirming the ex parte order of attachment in the amount of $148,000 is granted; and the defendant’s application for an order vacating the ex parte restraining order and/or reducing the amount to $26,000 is denied.
The defendant’s application for costs and attorney fees and imposing sanctions against plaintiff for violating Rules of the Chief Administrator of the Courts (22 NYCRR) §§ 130-1.1-a and 130-1.1 (c) (1) is similarly denied. Plaintiff has signed the motion papers in accordance with the required rules and, in any event, defendant’s application is procedurally defective (see, 22 NYCRR 130-1.1 [d]; CPLR 2215).