■ PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Appellant, v CARMON HURLSTON, Respondent. — Judgment of the Supreme Court, New York County (Kirschenbaum, J.), entered on May 25, 1983, which directed the petitioner Property Clerk of New York City Police Department to restore $1,206 to respondent, is reversed, on the law, without costs, and the matter remanded for a hearing.

Respondent was arrested and charged with criminal possession of marihuana in the fifth degree and criminal sale of marihuana in the fourth degree. At the time of his arrest, $1,206 was seized from his person. The case against respondent was dismissed, not on the merits, but because of the failure to produce the laboratory report.

The petitioner commenced this proceeding seeking forfeiture of the $1,206 pursuant to section 435-4.0 of the Administrative Code of the City of New York. Special Term denied the application and directed return of the money to the respondent since the criminal charges against him had been dismissed. This was erroneous.

The dismissal of criminal charges is not determinative of the issues to be resolved in a civil forfeiture proceeding (see *Property Clerk, N. Y. City Police Dept. v Corbett,* 116 Misc 2d 1097, 1100). In a forfeiture proceeding the burden is on petitioner to prove, by a preponderance of the evidence, that the money in question is the proceeds of crime or derived from crime (*Matter of City of New York v Cosme,* 67 AD2d 852). The petitioner submitted an affidavit at Special Term detailing the surveillance of respondent by a police officer experienced in narcotics investigations for a 30- to 40-minute period. During this time, the respondent engaged in a number of transactions which, based on the circumstances, including an undercover "buy", and his own knowledge and experience, the arresting officer believed to be narcotics sales. Since this evidence by petitioner tended to establish that the property was contraband and subject to forfeiture, it was incumbent upon respondent to then come forward and offer some explanation and proof to the contrary. Although the respondent presented no answer to the petition, he did make an appearance and voiced oral opposition to the proceeding, which Special Term heard and noted in its judgment-decision.

The court simply concluded that the dismissal of the criminal charges precluded forfeiture of the money seized. Without any record of respondent's explanations, however, we are unable to determine if respondent was able to overcome petitioner's prima facie showing, and we therefore remand for a hearing *de novo* at Special Term. Concur — Kupferman, Asch, Bloom and Kassal, JJ.

Murphy, P. J., concurs in a memorandum as follows: I agree with the majority that the dismissal of the criminal charges against the respondent does not preclude the Property Clerk from bringing this forfeiture proceeding. I would also agree that this matter should be remanded for a hearing because the respondent did not answer the petition or otherwise submit papers in opposition thereto. Although Special Term recites in its decision that respondent appeared and voiced oral opposition to this proceeding, it is impossible to determine from this record the exact nature of respondent's opposition.

Against this background, the following observations must be made. After the oral argument of this appeal, we directed a clerk of this court to request additional information from the Assistant Corporation Counsel (ACC) concerning the availability of a laboratory report. The ACC has informed this court that a laboratory report analyzing the substance seized from respondent was never prepared. In fact, a laboratory report cannot be prepared since the substance seized is no longer in existence.

While I do not wish to prejudge the evidence to be submitted at the hearing, I must express my present reservations as to whether petitioner can show, by a preponderance of evidence, that the $1,206 was the proceeds of and derived through the sale of a controlled substance.