(May 30, 1985)

■ In the Matter of PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT, Appellant, v RAFAEL BATISTA, Respondent. PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT, Appellant, v NANCY VANGA, Respondent. — Order of the Supreme Court, New York County (William P. McCooe, J.), entered on June 26, 1984, which denied petitioner's application for a judgment declaring respondent's property forfeited pursuant to Administrative Code of the City of New York § 435-4.0, without prejudice to renew upon a proper showing, is reversed, on the law, and the application granted, without costs or disbursements.

Order of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered on March 27, 1984, which denied petitioner's application for a judgment declaring respondent's property forfeited pursuant to Administrative Code § 435-4.0, without prejudice to renew in the event that respondent is adjudged guilty of criminal conduct, is reversed, on the law, and the application granted, without costs or disbursements.

The instant appeals involve the identical legal issue. In each case, Special Term denied the application by the Property Clerk of the New York City Police Department for a judgment pursuant to Administrative Code § 435-4.0 declaring forfeit, as the proceeds of criminal conduct, certain property seized from respondent. The basis for the court's determination in each instance was petitioner's failure to demonstrate the outcome of the criminal charges. However, the law is clear that the disposition of criminal charges is not determinative in a civil forfeiture proceeding. (*Property Clerk of N. Y. City Police Dept. v Hurlston,* 104 AD2d 312; *see also, McClendon v Rosetti,* 460 F2d 111.) In that connection, petitioner need only demonstrate by a preponderance of the evidence that the money in question is the proceeds of crime or derived therefrom. (*Property Clerk of N. Y. City Police Dept. v Hurlston, supra.*)

In the Rafael Batista matter, petitioner submitted an affidavit from Police Officer Richard Andreorio stating that respondent's arrest arose out of "Operation Pressure Point", an intensive effort by the police department to eradicate the narcotics trade in the lower east side of Manhattan. On the day in question, an undercover officer approached respondent and inquired "if anything was happening?" When respondent asked the officer what he wanted, the latter replied, "coke". Respondent thereafter entered the basement of a building from which one Carlos Ramos shortly exited. The undercover officer then gave Ramos two $5 bills and, in return, was handed one tinfoil packet allegedly containing cocaine, subsequently found to contain cocaine. Respondent and Ramos were subsequently placed under arrest. Recovered from respondent's pants' pocket was $35, including the two $5 bills of "buy" money; $820 was discovered in respondent's wallet. Respondent and Ramos were driven to the station house in a police car. After they were removed inside the station house, seven glassine envelopes containing heroin were found in the police vehicle. As a result of these facts and circumstances, Officer Andreorio concluded that the seized money "constitutes the proceeds of criminal activity, namely, the sale of illegal drugs".

As the court declared in *Property Clerk of N. Y. City Police Dept. v Hurlston (supra,* p 313): "Since this evidence by peti-

tioner tended to establish that the property was contraband and subject to forfeiture, it was incumbent upon respondent to then come forward and offer some explanation and proof to the contrary." In opposing the application, respondent relied exclusively on the conclusory allegation of his attorney, who did not possess any personal knowledge of the arrest and attendant search and seizure. Such an affirmation by counsel has no evidentiary value. (*Zuckerman v City of New York,* 49 NY2d 557; *Matter of Ruiz v City of New York,* 98 AD2d 645.) In view of the absence of any proof rebutting the prima facie showing by petitioner that the disputed money was contraband, Special Term should have granted the application for forfeiture.

In the Nancy Vanga matter, petitioner produced an affidavit from Police Officer Jose Alvarez. According to Officer Alvarez, respondent was arrested as part of a street enforcement unit operation which occurred after Officer Alvarez learned from an undercover agent that the agent had purchased a quantity of cocaine from respondent in the latter's apartment. Officer Alvarez and other members of his backup team proceeded to respondent's apartment where he observed an open dresser drawer containing a total of $2,251 plus the $10 "buy" money. On top of the dresser lay a small plastic bag of cocaine and 12 glassine envelopes of cocaine. Based upon these facts, Officer Alvarez believed that the currency was derived from the illegal sale of cocaine by respondent. Respondent, despite being personally served and being provided with ample opportunity to respond, has failed to appear in the forfeiture proceeding. Since she has not presented any evidence rebutting the prima facie showing by petitioner (*see, Property Clerk of N.Y. City Police Dept. v Hurlston, supra*), Special Term was not warranted in denying the application. Concur — Murphy, P. J., Sandler, Asch, Fein and Milonas, JJ.