OPINION OF THE COURT
W. Patrick Falvey, J.
The court has before it what it believes is a case of apparent first impression.
*133 The defendant herein pleaded guilty on February 28, 1989 to the single count of superior court information No. 89-18,’ of criminal sale of marihuana in the third degree (Penal Law § 221.45). Subsequently, the defendant was sentenced on April 11, 1989 to a term of five years’ probation, four months’ intermittent incarceration, 500 hours of community service and $455 restitution payable to the Seneca County Probation Department on behalf of the Seneca County Drug Fund which was used by the New York State Police in the drug buys. This money represented the total amount spent by the police in undercover drug purchases on August 3, 1988; August 6, 1988 and September 9, 1988 for $35, $120 and $300, respectively. Although the only charges placed were those involving the $300.
The defendant now moves the court for resentencing (CPL 420.10 [5]) by vacating the restitution order because the sum of $490 was paid as a civil forfeiture under CPLR article 13-A. The defendant asserts that the forfeiture amount came from moneys seized from him on his arrest on or about September 9, 1988, by the New York State Police. Therefore, CPLR 1311 (8) limits the recovery in a forfeiture action to the value of the proceeds of a crime. Thus to permit restitution and forfeiture constitutes a duplication of payments to the County of Seneca.
The District Attorney, on the other hand, opposes the application. He argues that no duplication took place since the restitution was clearly payable to the New York State Police for drugs bought and the forfeiture was payable to the county under the forfeiture act. He further states that a victim need not suffer a loss in order for civil forfeiture to apply.
The cases do not address this issue on point. However, the cases reviewed by this court involving civil forfeiture make a distinction when talking about seized moneys constituting the proceeds of criminal activity, i.e., the sale of illegal drugs and recovery of "buy” moneys. (Matter of Property Clerk, N. Y. City Police Dept. v Batista, 111 AD2d 135.) The case at bar clearly involves the recovery, at time of arrest, of both moneys, as proceeds of criminal activity as stipulated to in a stipulation and assignment of defendant and District Attorney, as well as "buy” moneys.
The theory behind restitution is to return a victim’s property. (Penal Law §§ 60.27, 65.10; CPL 420.10.)
Forfeiture under CPLR article 13-A was enacted with the purpose of taking the profit out of crime by forfeiting the proceeds of a crime.
*134 Disposition of criminal charges is not needed for a determination in a civil forfeiture proceeding. The petitioner need only demonstrate by a preponderance of the evidence that the money in question is the proceeds of crime or derived therefrom. (Matter of Property Clerk, N. Y. City Police Dept. v Batista, supra, at 136.)
Restitution is an authorized sentence under Penal Law § 60.27 in order to have a defendant make restitution of the fruits of his oifense or reparations for the loss or damage caused thereby. And a civil proceeding may be instituted for collection of restitution or reparation (CPL 420.10 [6]) as well.
Penal Law § 60.27 (6) is clear that any payment made as restitution or reparation pursuant to this section shall not limit, preclude or impair any liability for damage in any civil action or proceeding for an amount in excess of such payment. Furthermore, Penal Law § 60.30, "does not deprive the court of any authority conferred by law to decree a forfeiture of property * * * or impose any other civil penalty and any appropriate order exercising such authority may be included as part of the judgment of conviction.”
It is clear that there are different purposes for restitution/ reparation and civil forfeiture. They are not mutually exclusive remedies.
Here the defendant would properly be ordered to make restitution to the Seneca County Drug Fund for the fruits of his crime, i.e., the receipt of money for the illegal sale of marihuana. The probation report established that amount to be $455. However, upon review, it is clear that the superior court information only charged the sale on September 9, 1988 and it in turn involved only an amount of $300 in marked bills. It is clear that the $300 were the fruits of a crime and directly traceable.
Here the defendant pleaded guilty to the single count of superior court information No. 89-18 and no other accusatory instruments were filed or disposed of. Thus restitution was only available for the $300 spent in the buy-bust of September 9, 1988. The remaining $155 involved two previous buys. These were not the subject of any accusatory instrument therefore not collectable as restitution or reparation. (Penal Law § 60.27 [4].)
In order to establish a claim for forfeiture the burden is on the claiming authority to prove the facts necessary to establish a claim for forfeiture. (CPLR 1311 [3] [a].)
*135 This court does not believe that the intent of the forfeiture statute was to penalize a victim by not returning their property, if properly proven, or otherwise making them whole to the benefit of those under CPLR 1349.
Therefore, this court modifies its previous sentence by reducing the amount of restitution collectable to $300, all other elements of said sentence to remain the same.
However, the defendant’s February 28, 1989 stipulation of civil forfeiture under CPLR article 13-A should be modified from $616 to $190. That is, $616 less $126 in collectables and the $300 representing restitution in the September 9, 1988 buy-bust. This amount is the proper amount of the "proceeds of the crime” as the $300 was clearly "buy” moneys. The $190 should be paid in accordance with CPLR 1349 as appropriate.