■ PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Appellant, v ANTONIA FAMIGLIETTI, Respondent.—Order (denominated a judgment), Supreme Court, New York County (Diane A. Lebedeff, J.), entered January 11, 1989, denying and dismissing the Property Clerk's petition seeking a declaration of forfeiture of respondent's motor vehicle, unanimously reversed, on the law, without costs or disbursements, the petition reinstated and the matter remanded for further proceedings.

Respondent and her brother were arrested after an undercover officer observed the two, occupying a 1988 Chevrolet Cavalier driven by respondent, in a drug-prone location. After purchasing a quantity of crack, respondent's brother returned to the car. Four vials of crack were recovered from the brother; no crack was found on respondent or in the car. Respondent was charged with loitering in the first degree. The case was adjourned in contemplation of dismissal (ACD) and the charge ultimately dismissed. Although the District Attorney furnished respondent with a property release, the Prop-

erty Clerk refused to release the car and timely commenced this proceeding for a declaration of forfeiture. Finding that CPL 170.55 (6), which, in relevant part, provides, "No person shall suffer any disability or forfeiture as a result of [an adjournment in contemplation of dismissal]", constitutes a clear prohibition against forfeiture, the IAS court dismissed the petition. We reverse.

Administrative Code of the City of New York § 14-140 (e) (1) provides for the civil forfeiture of property which is, *inter alia,* "employed in aid or in furtherance of crime". Courts have traditionally held that the disposition of a criminal charge is not determinative of the issues to be resolved in a forfeiture proceeding. *(See, e.g., Property Clerk of N. Y. City Police Dept. v Conca,* 148 AD2d 301, 302; *Matter of Property Clerk, N. Y. City Police Dept. v Batista,* 111 AD2d 135, 136.) In holding that CPL 170.55 (6) overrides this authority and the Administrative Code's forfeiture provisions, the IAS court misconstrued the language of CPL 170.55 (6), which makes clear that the forfeiture reference encompasses only automatic forfeitures directly flowing from a court order granting an ACD. The Property Clerk is not seeking a civil forfeiture on the basis of the grant of the ACD but rather on the underlying facts leading to respondent's arrest. The provisions of CPL 170.55 (6) and Administrative Code § 14-140 (e) (1) should be read in harmony. The issue of civil forfeiture is a matter for independent determination in this proceeding.

Accordingly, we reverse, reinstate the petition and remand for further proceedings. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.