OPINION OF THE COURT
Irad S. Ingraham, J.
Plaintiff complains that defendant’s refusal to allow him to review the results of a test administered by defendant for purposes of certification in a medical specialty constitutes breach of an implied contract between the parties and seeks inter alla to compel defendant to disclose the test results. Defendant moves to dismiss the complaint pursuant to CPLR 3211 (a) (1), (2), (5), and (7).
Both parties appeared by counsel for oral argument before this court on September 14, 1990 in Cortland, New York.
FINDINGS OF FACT
Plaintiff is a licensed physician specializing in anesthesiology. Defendant is a nonprofit corporation which establishes standards and administers a written examination for physicians who desire certification in this specialty. A passing grade on the written examination is one of several requirements for certification. Plaintiff has taken this exam on three occasions, in 1986, 1987 and 1988. Each time defendant has informed him that he failed the exam. He has not been allowed to view the corrected answer sheets to determine the specific errors. The complaint states four causes of action: money damages for the cost of taking the exam; compensation for the defendant’s alleged wrongful deprivation of career advancement opportunities; money damages for mental anguish and embarrassment, and an order compelling defendant to disclose the results and scoring of the examinations.
Defendant moves for dismissal of the complaint on the following grounds:
(1) failure to state a cause of action as there is no implied contract between the parties to support a contract action, and plaintiff has failed to plead adequately the elements of a tort action (CPLR 3211 [a] [7]);
*13 (2) the terms of the express contract between the parties, which contains a "hold harmless” clause (CPLR 3211 [a] [1]);
(3) the Statute of Limitations, as plaintiffs sole legal remedy lies in commencing an article 78 proceeding, for which the time has expired (CPLR 3211 [a] [5]), and;
(4) lack of subject matter jurisdiction, as the court should not review the decisions of a private association absent a claim of economic necessity (CPLR 3211 [a] [2]).
In support of the motion, defendant submits a copy of plaintiffs examination applications and the accompanying information booklet which is mailed to potential applicants.
In response to the motion plaintiff argues:
(1) that the application to take the exam created an implied contract, breached by the Board’s refusal to allow him to view the exam;
(2) that this implied contract is separate from the application itself, so should not be barred by the "hold harmless” clause;
(3) that this is a contract of adhesion, and public policy demands that he be given this right to review, and;
(4) that the action is based in contract, for the reasons above, and therefore has the benefit of the longer Statute of Limitations.
Further, plaintiff raises the spectre of discrimination. He alleges that the reason for his repeated failure and the Board’s refusal to allow him to view the exam is that he is a graduate of a foreign medical school. In support of this allegation he submits a report by the United States General Accounting Office titled "Medical Licensing by Endorsement: Requirements Differ for Graduates of Foreign and U. S. Medical Schools” (May 1990).
CONCLUSIONS OF LAW
The parties herein are bound by the terms of their written agreement, and accordingly this motion must be determined by application of contract law. Plaintiff has adduced no evidentiary support for an action in tort. The terms of the contract bar plaintiff’s action. The application contains a provision in which plaintiff agrees: "to hold the American Board of Anesthesiology, Inc. * * * free from any damage or complaint by reason of any action that they * * * take in connection with the grades or grades given with respect to *14 any examination, [or] the failure of said Board * * * to issue me such Certification”. This language is clear and unambiguous. Adequate consideration for the agreement is manifest in the administration and review of the written and oral examination.
Nor is there an implied promise which would allow plaintiff the relief sought in this instance. It is well settled that a promise may be implied " 'only where we may rightfully assume that it would have been made if attention had been drawn to it * * * and that it is to be raised only to enforce a manifest equity, or to reach a result which the unequivocal acts of the parties indicate they intended to effect.’ ” (Gertler v Goodgold, 107 AD2d 481, 485 [1st Dept 1985], affd 66 NY2d 946.) Plaintiff’s assertion that "manifest equity” requires allowing him to review his test is unconvincing. While review may in fact be helpful in his preparation for future attempts, it would certainly also compromise reexamination, as defendant argues.
Defendant points to several provisions in the application information booklet which reserve authority to the Board to reject applicants, and to establish and maintain the standards for certification. In this matter, it would be inappropriate for the court to substitute its judgment for that of the Board by compelling disclosure of the testing material. (Gertler v Goodgold, supra.)
Likewise, the argument that this contract is one of adhesion and should be overruled on public policy grounds is unconvincing. Plaintiff cites a case in which the court obviated a term of a contract signed by a party in stressful circumstances, for the purpose of admitting his wife to a hospital. Recognizing that this party may "have seen himself as powerless to do anything other than sign the form”, the court found the term unenforceable. (St. John’s Episcopal Hosp. v McAdoo, 94 Misc 2d 967, 970 [1978].) However, the doctrine of inviolability of contract is not easily overcome. The present case lacks the urgency of circumstances on which the above case was posited. Requiring adherence to the terms of the present agreement is not "grossly unfair”. (Supra, at 969.)
The remaining issues raised by the parties are addressed only parenthetically.
The allegation of discrimination is unsubstantiated. The report of the General Accounting Office is primarily concerned with the lack of uniform standards or requirements for deter *15 mining competence between and among the various States, and the special difficulties this poses for graduates of foreign medical schools. In this case, plaintiff is contesting the results of a uniform, standardized procedure, the written examination. Standing alone, the fact that plaintiff failed the exam is not sufficient evidence to imply discrimination.
Further, if the action is not grounded in contract law, as plaintiff asserts, but rather falls within the scope of an article 78 proceeding, it is time barred. The action was commenced 15 months after plaintiff’s notification by the defendant. Court takes notice of the case law cited by defendant in regard to this argument. (See, Matter of Salter v New York State Psychological Assn., 14 NY2d 100 [1964]; Goodman v Regan, 151 AD2d 958 [3d Dept 1989].) Finally, defendant’s argument that the plaintiff has failed to demonstrate that certification is an "economic necessity” to his practice is noted. (See, Matter of Wachsman v Medical Socy., 128 AD2d 789 [2d Dept 1987].)
Defendant’s motion is granted. Plaintiff’s complaint is dismissed pursuant to CPLR 3211 (a) (1) and (7).