■ Property Clerk of New York City Police Department, Respondent, v Mohamed Diouf, Appellant.—Order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered November 13, 1991, which, in a forfeiture proceeding pursuant to Administrative Code of the City of New York § 14-140, denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of granting defendant's motion for summary judgment dismissing the complaint as to any amount held by plaintiff in excess of $1,349.83 and directing plaintiff to return such amount in its possession to defendant immediately. As so modified, the order is otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Because forfeiture is a civil proceeding, the Property Clerk need only prove by a preponderance of the evidence that seized property is subject to forfeiture *(Matter of Property Clerk of N. Y. City Police Dept. v Ferris,* 77 NY2d 428, 430). And, because of the differing degree of proof, the outcome of an underlying criminal action—even if terminated by a dismissal or acquittal—is irrelevant to the outcome of a civil forfeiture proceeding *(supra; see also, Property Clerk of N. Y. City Police Dept. v Lanzetta,* 157 AD2d 600, 601).

Here, although issues of fact are presented regarding whether the $1,349.83, including $1,200 in counterfeit cur-

rency, defendant allegedly brought here from Senegal, was obtained through legitimate business enterprises, plaintiff's speculative contention that counterfeit money was used to obtain the additional $16,610.17 for which defendant produced a foreign exchange receipt from a reputable concern is insufficient to defeat summary judgment as to those additional monies seized from defendant and held by the Property Clerk. Concur—Carro, J. P., Ellerin, Kupferman and Asch, JJ.