■ Property Clerk of New York City Police Department, Appellant, v Francis Larouche, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Edward J. Greenfield, J.), entered December 11, 1990, which denied the petitioner Property Clerk's application for a judgment declaring the automobile seized and held by the Property Clerk forfeited pursuant to Administrative Code of the City of New York § 14-140 (b), unanimously reversed, on the law, and the matter remanded for a de novo hearing, without costs.

Respondent was arrested on October 12, 1989 and charged with the class D felony of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06).

According to the affidavit of the arresting officer, which is attached to the petition, on the day in question he was

assigned to a narcotics enforcement operation focusing on a known narcotics trafficking location at 104th Street and Columbus Avenue. At approximately 4:45 P.M., he observed a 1982 Oldsmobile Omega proceeding southbound on Columbus Avenue. Respondent was driving with two passengers, one in the front seat and the other in the back seat. The officer states that as he approached in his vehicle, he saw the front seat passenger holding an open container of white powder which the officer believed to be a controlled substance. The officer then approached the respondent's vehicle, identified himself as a police officer and ordered the occupants out of the car. He then observed a container containing a white substance on the front seat and found a glass crack pipe with residue on the rear seat. The officer placed respondent under arrest and vouchered his automobile as property used and employed in connection with and in furtherance of the crime charged.

On November 14, 1989, respondent appeared in Criminal Court and all charges were dismissed against him and his passengers. The police laboratory report reflects that the container of white powder contained no controlled substance, but that less than .1 grain of cocaine was found in the pipe and a vial which is not mentioned in the officer's affidavit. Respondent's attorney obtained an evidence release form for the automobile, but petitioner refused to release the car and commenced this forfeiture proceeding pursuant to section 14-140 (e) (1) of the Administrative Code of the City of New York.

The IAS Court denied the petition after hearing oral argument, finding that the dismissal of all criminal charges against respondent and the other occupants negates any claim that the property in question was used in furtherance of a crime and thus forfeited.

It is well settled, however, that the dismissal of criminal charges is not determinative of the issues to be resolved in a civil forfeiture proceeding where the burden is on the petitioner to prove, by a preponderance of the evidence, that the property seized was subject to forfeiture (*Matter of Property Clerk, N. Y. City Police Dept. v Batista,* 111 AD2d 135, 136; *Property Clerk of N. Y. City Police Dept. v Hurlston,* 104 AD2d 312, 313).

While petitioner is correct that CPLR 409 (b) mandates a summary determination of special proceedings thus making every hearing of a special proceeding equivalent to the hearing of a motion for summary judgment (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR

C409:1, at 666), we nevertheless remand the matter for a de novo hearing.

As in *Property Clerk of N. Y. City Police Dept. v Hurlston (supra),* where we remanded the matter for such a hearing, although the evidence submitted by petitioner tended to establish that the automobile was subject to forfeiture, inasmuch as even unusable cocaine residue found in a defendant's possession is sufficient to support a charge of possession of a controlled substance in the seventh degree *(People v Mizell,* 72 NY2d 651), the IAS Court simply concluded that the dismissal of the criminal charges precluded forfeiture of the automobile seized.

Unlike *Hurlston (supra),* where the respondent presented no answer to the petition, the respondent here submitted an answer and attorney's affirmation in opposition to the petition, which is attacked as insufficient to rebut petitioner's prima facie showing. However, the same could be said of the reply affirmation of petitioner's counsel which seeks to fill in the gaps in the officer's affidavit. As in *Hurlston,* there was also oral opposition to this proceeding which the court heard and noted in its decision. Thus, without any record of these proceedings, it is impossible to determine from this record the exact nature of respondent's opposition and factual issues are evident, warranting further consideration by the nisi prius court. *Property Clerk, N. Y. City Police Dept. v Batista (supra),* in which we summarily granted the petition, is distinguishable in that there the respondent never answered or appeared in the forfeiture proceeding. Concur—Carro, J. P., Kupferman, Ross and Asch, JJ.