*651 OPINION OF THE COURT
William L. Underwood, Jr., J.
Plaintiff, Henry Hambel, is a police officer allegedly injured by a siren at a firehouse belonging to the defendants, Fire Department and Fire District. On November 17, 1986, at approximately 8:00 a.m., the plaintiff, Henry Hambel, was utilizing the defendant’s firehouse for a change of shift with another police officer. After he exited the firehouse and was walking towards his automobile, an emergency call was made to the fire department and the firemen sounded the alarm on the firehouse roof. Officer Hambel alleges that due to the defendants’ negligent maintenance and operation of the siren, he was injured and suffered hearing loss and other related health problems. Plaintiffs commenced the instant action against the fire district and the manufacturer of the alarm. Defendants, Fire Department and Fire District, move for summary judgment (CPLR 3212).
This extraordinary remedy should only be granted when the movant demonstrates the absence of a material issue of fact (Matter of Benincasa v Garrubbo, 141 AD2d 636 [1988]). Summary judgment "is rarely granted in negligence cases since the very question of whether a defendant’s conduct amounts to negligence is inherently a question for the trier of fact in all but the most egregious instances” (Johannsdotter v Kohn, 90 AD2d 842, citing Wilson v Sponable, 81 AD2d 1, 5; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:8, at 430). "[E]yen when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law” (Andre v Pomeroy, 35 NY2d 361, 364 [1974]). However, in the case at bar the salient facts are undisputed and a thorough review of the moving and responding papers reveals that the defendants, Fire Department and Fire District, exhibited "exemplary prudence [under] the circumstances” (supra, at 365, citing 4 Weinstein-Korn-Miller, NY Civ Prac 3212.03).
The defendants, Fire Department and Fire District, can be held liable only if they breached a specific duty to the plaintiff. As Justice Cardozo so eloquently observed, "[n]egligence is not a tort unless it results in the commission of a wrong, and the commission of a wrong imports the violation of a right” (Palsgraf v Long Is. R. R. Co., 248 NY 339, 345 [1928]). The evidence submitted overwhelmingly demonstrates that the fire *652 district was engaged in a governmental activity (as opposed to a proprietary duty) when it sounded the alarm. Therefore, liability will only attach if the plaintiff can show a special relationship existed between himself and the fire department (Weinstein v Board of Educ., 127 AD2d 655 [2d Dept 1987]). In the case at bar, we find that there is no indication of a special relationship between the parties. It has been established that the police utilized the firehouse as a relief point. The uncontroverted evidence also establishes that the routine of the firehouse (e.g., answering emergency calls, change of firemen’s shifts, etc.) was in no way changed by the presence or absence of a Suffolk County policeman. The fire department never offered to make any special accommodations for policemen on its premises. Accordingly, the absence of a special duty extinguishes liability and mandates the granting of summary judgment (Sorichetti v City of New York, 65 NY2d 461, 468 [1985]).
Assuming arguendo that we found a special duty existed on the part of the movants to the plaintiffs, the court would still be constrained to grant the instant motion on the grounds of public policy. We remind the plaintiffs of the very purpose of the fire alarm. From the days when the alarm was called a tocsin and was fashioned from a discarded steam-locomotive shoe, it has served to call the volunteers to their posts. It warns the passersby that they must yield for the engine or ambulance that may momentarily emerge from the firehouse and finally, it reassures the victim of calamity that help is on the way.
We are well aware that this ruling leaves the plaintiffs in the unenviable position of being without a remedy in the face of a possible injury. To uphold such a cause of action, however, would untenably force fire departments to compromise on the volume of their sirens in order to avoid lawsuits. Public policy cannot permit such a "compromise” to take place and risk the consequences of muffled alarms. The prudence of the doctrine of public policy is evidenced by its recent application (e.g., Santangelo v State of New York, 71 NY2d 393 [1988]) as well as its antiquity, witness the maxim lex citius tolerare vult privitum damnum quam publicum malum.
Therefore, the motion is granted and the plaintiffs’ complaint and all cross claims are dismissed as against the defendants, Bohemia Fire Department and Bohemia Fire District. The court declines to award costs (CPLR 8101, 8106).