■ PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Appellant, v DAVID JACOBS, Respondent. [650 NYS2d 711] —Order of the Supreme Court, New York County (Louis York, J.), entered on or about September 13, 1995, which granted

defendant's motion for an order directing plaintiff Property Clerk to return defendant's automobile and denied plaintiff's cross-motion for summary judgment declaring the vehicle forfeited pursuant to Administrative Code of the City of New York § 14-140, unanimously reversed, on the law, without costs, and the matter is remanded for trial.

On January 14, 1995, defendant David Jacobs was arrested for solicitation of a prostitute in violation of Penal Law § 230.03. According to the police account of the incident, set forth in an affidavit by the undercover officer involved, defendant drove his 1985 BMW to an area on Wallabout Avenue in Brooklyn, signalled the officer to approach the car, and bargained for the performance of a sexual act; he was asked to drive his vehicle around the corner to complete the transaction, where he was arrested. According to defendant's account, he was in the neighborhood by accident, stopped to converse with two women under the belief that they might require roadside assistance, and was in the process of leaving the scene when he was arrested. The criminal case against the defendant was adjourned in contemplation of dismissal, and ultimately dismissed in September 1995.

In January 1995, plaintiff Property Clerk commenced the instant action for a declaratory judgment that the retention of defendant's vehicle pursuant to Administrative Code of the City of New York § 14-140 was lawful and proper. By order to show cause dated August 30, 1995, defendant moved for an order compelling the return of his vehicle; plaintiff cross-moved for summary judgment. In a briefly worded opinion dated September 13, 1995, Supreme Court granted defendant's motion, finding that plaintiff had failed to establish by a preponderance of the evidence that defendant had committed the crime of solicitation.

We reverse. It is well established that dismissal of a criminal action does not dispose of a civil forfeiture claim based on the charged criminal event (*Property Clerk of N. Y. City Police Dept. v Diouf*, 185 AD2d 151). Since our review of the record persuades us that the parties have raised an issue of fact as to defendant's commission of the crime of solicitation, we remand to Supreme Court to resolve that factual issue at trial (*see, Property Clerk of N. Y. City Police Dept. v Larouche*, 187 AD2d 289). Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.