OPINION OF THE COURT
William L. Underwood, Jr., J.
The case at bar is an action (pursuant to CPLR art 78) which seeks to annul the determination of the respondents in removing petitioner from the eligible list for court officer. The essence of this controversy centers on an alleged prior bad act which petitioner committed resulting in his arrest and ultimate disposition via an adjournment in contemplation of dismissal (ACOD). Petitioner contends, inter alia, that this incident should not have been considered in the decision to remove him from the eligible list. Respondents, however, assert that they were empowered to "consider the acts underlying an arrest in evaluating an applicant’s fitness for employment as a Court Officer” (respondents’ mem of law, at 2).
The role of the court in an article 78 proceeding is to determine if a particular governmental agency acted in an "arbitrary and capricious” manner (Matter of Harwood v Board of Trustees, 176 AD2d 291 [2d Dept 1991]; Corliss v Solomon, 75 AD2d 837 [2d Dept 1980]). We note this standard of review because the court has been impressed by both petitioner’s eloquent brief (for which we commend Mr. Whelan) and Mr. Pleickhardt’s obvious sincerity, sobriety and penitent demeanor. A court, however, may not disturb an administrative finding simply because the court feels that decision was wrong. The court’s succor is warranted only if it is determined that the offending agency acted " 'without sound basis in reason and * * * without regard to the facts’ ” (see, Matter of Konski Engrs. v Levitt, 69 AD2d 940, 942 [1979], affd 49 NY2d 850, citing Matter of Pell v Board of Educ., 34 NY2d 222, 231). For the court to intrude further, however altruistic the cause, would be a usurpation of the administrative duties of the sovereign. Such an unnatural role (i.e., acting in lieu of the State agency) is as much a betrayal of the court’s function as judicial legislation (see, People v Finnegan, 85 NY2d 53 [1995]; People v Heine, *554 9 NY2d 925; see also, Bright Homes v Wright, 8 NY2d 157; McKinney’s Cons Laws of NY, Book 1, Statutes § 73). As discussed herein, the respondents’ conduct does not descend to the level of irrationality. Although this rule may sometimes be harsh in application, as in the matter at hand, it continually proves the viability of Lord Coke’s observation "lex citius tolerare vult privatum damnum, quam publicum malum” (Coke on Littleton, at 152; Hambel v Bohemia Fire Dept., 158 Misc 2d 650 [Sup Ct, Suffolk County 1993], affd 210 AD2d 379).
The first question presented is whether the granting of an adjournment in contemplation of dismissal precludes a prospective employer from inquiry or consideration of the facts underlying the original criminal charge against a job applicant. The pertinent statute reads in part: "The granting of an adjournment in contemplation of dismissal shall not be deemed to be a conviction or an admission of guilt. No person shall suffer any disability or forfeiture as a result of such an order. Upon the dismissal of the accusatory instrument pursuant this section, the arrest and prosecution shall be deemed a nullity and the defendant shall be restored, in contemplation of law, to the status he occupied before his arrest and prosecution” (CPL 170.55 [8]).
As demonstrated in the above language, the legislative beneficence of an ACOD confers several privileges upon a person charged with an offense. The right to consider the proceeding as a "favorable determination” is not one of them (Nappi v Kappeler, 118 Misc 2d 638 [Sup Ct, Nassau County 1983]).
Contrary to petitioner’s assertions, this statute forbids penalties or forfeitures from inuring as a result of the granting of the ACOD itself arid does not contemplate (or bar) subsequent social opprobrium which may naturally result from the subject’s misdeeds (see, Property Clerk of N. Y. City Police Dept. v Famiglietti, 160 AD2d 542 [1st Dept 1990]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 170.55, at 94). Since it is considered appropriate for the underlying facts surrounding the original arrest to be used in a civil lawsuit against a criminal defendant, it is reasonable to conclude that such information can also be utilized by a prospective employer in deciding to hire that person (see, Property Clerk of N. Y. City Police Dept. v Famiglietti, supra).
Having decided that the respondents were entitled to consider the events surrounding petitioner’s arrest, the court turns to the question of whether respondents’ decision to remove petitioner from the court officer’s eligibility list was *555 " 'so disproportionate to the offense * * * as to be shocking to one’s sense of fairness.’ ” (Matter of Pell v Board of Educ., 34 NY2d 222, 233 [1974], supra [citations omitted].)
In deciding to strike petitioner’s name from the list of court officer candidates, the respondents concerned themselves with two factors: (1) the petitioner’s alleged taking part in the vandalism of phone booths via the use of fireworks; and (2) his failure to promptly notify the respondents of his arrest. The former is rather subjective as to whether it could be classified as a "prank” (taking into consideration such factors as petitioner’s level of involvement, remorse, restitution, etc.) and discounted or deemed an act of moral turpitude and thus warranting reproof (compare, Matter of Brown v Krone, 47 Misc 2d 890 [Sup Ct, Westchester County 1965], affd 25 AD2d 954; Matter of Havern v Senko, 210 AD2d 480 [2d Dept 1994]). In light of the differing weight which a reasonable person could place on petitioner’s conduct, the court is constrained to defer to the administrative agency’s interpretation of same (Matter of Havern v Senko, supra, at 481).
Likewise, the failure of petitioner to alert respondents of his arrest was in violation of a contractual obligation to notify the Office of Court Administration’s applicant verification unit "immediately” if he was "arrested or receive[d] a summons” (respondents’ exhibit C). This written agreement was signed by petitioner and carries the following caveat: "Failure to notify this office * * * may be grounds for your disqualification”. The inviolability of contract is a fundamental principle of the law and does not easily brook an exception (Balaklaw v American Bd. of Anesthesiology, 149 Misc 2d 11 [Sup Ct, Cortland County 1990]; witness the venerable maxim pacta sunt servanda). Therefore, respondents cannot be characterized as behaving irrationally merely by acting to enforce a contractual right.
Petitioner’s reliance on cases such as Matter of Brown v Krone (supra) is misplaced. The court in Matter of Brown focused on the respondent municipality’s mischaracterization of disorderly conduct being a "crime” or " 'infamous or notoriously disgraceful’ ” (supra, at 891). Additionally, the petitioner in Matter of Brown had been a minor at the time of the offense, had subsequently served two years in the United States Marines, and been honorably discharged (supra, at 892). Petitioner’s remaining cases are similarly distinguishable. We *556 have reviewed petitioner’s remaining contentions and find them to be meritless.
Accordingly, the application is denied and the petition is dismissed.